[No. G037194. Fourth Dist., Div. Three. Mar. 15, 2007.]

RODRIGO VAZQUEZ de MERCADO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THOMAS McCLUNG et al., Real Parties in Interest.

712

COUNSEL

Wallace & Schwartz, Steve R. Schwartz and George M. Wallace for Petitioner.

No appearance for Respondent.

Law Offices of Steven A. Ehrlich and Steven A. Ehrlich for Real Parties in Interest.

OPINION

**RYLAARSDAM, J.**—Plaintiffs and real parties in interest Thomas McClung and Maria McClung allege that before they purchased a horse, they employed defendant and petitioner Rodrigo Vazquez de Mercado, a veterinarian, to examine it and advise whether it was suitable for their purposes. They sued defendant for allegedly failing to advise them of the horse's physical problem before their purchase, seeking punitive damages. Defendant claims plaintiffs were required to obtain a court order under Code of Civil Procedure section 425.13 (all further statutory references are to this code unless otherwise stated) before alleging punitive damages. We disagree with this contention. Although actions against veterinarians are subject to the Medical Injury Compensation Reform Act (Stats. 1975, 2d Ex. Sess. 1975, chs. 1 & 2, pp. 3949–4008; MICRA), the harm plaintiffs allege does not fall within MICRA's definition of professional negligence; thus the statute does not apply.

Because the allegations against defendant are not subject to MICRA, the action is not barred by the statute of limitations set out in section 340.5.

### FACTS

As alleged in the complaint, defendant, a licensed veterinarian, was hired by plaintiffs in June 2004 to examine a horse before they purchased it as a

jumper for their daughter. After examining the horse, on June 4 defendant reported that it had slight arthritis in one leg but met plaintiffs' requirements. Plaintiffs bought the horse.

On February 7, 2006, plaintiffs sued the sellers of the horse and defendant, naming defendant in causes of action for fraud, negligent misrepresentation, and suppression of fact, seeking punitive damages. They alleged the horse had a progressive degenerative condition, making it unsuited as a jumper, but that defendant nevertheless told plaintiffs it was a good horse to purchase for their daughter.

Defendant demurred, asserting the causes of action were barred by the one-year statute of limitations set out in section 340.5, which applies to health care providers. He also filed a motion to strike the punitive damages contending that, because this was an action for professional negligence against a health care provider, under section 425.13, subdivision (a) plaintiffs were required to obtain an order before filing a complaint seeking punitive damages.

The court overruled the demurrer and denied the motion on the grounds the complaint was not for professional negligence and defendant's alleged wrongful acts had not proximately caused personal injury or wrongful death. Therefore, neither code section applied. Secondarily, it also determined that even if section 340.5 applied, the action was timely filed.

## DISCUSSION

1. *Application of Section 425.13*

Defendant argues that, under section 425.13, plaintiffs were required to obtain a court order before they could include a demand for punitive damages in the complaint. We disagree.

MICRA applies to any claim of professional negligence against a "health care provider." (E.g., §§ 340.5 [imposing statute of limitations], 425.13 [order required to allege punitive damages]; Civ. Code, § 3333.2 [limiting noneconomic damages].) A "health care provider" is "any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code . . . ." (E.g., §§ 340.5, subd. (1), 425.13, subd. (b).) Veterinarians are licensed under chapter 11 of division 2 of the Business and Professions Code. (Bus. & Prof. Code, §§ 4800 et seq., 4825, 4828; see also *Williamson v. Prida* (1999) 75 Cal.App.4th 1417, 1425 [89 Cal.Rptr.2d 868] ["Veterinarians, like medical doctors, are licensed health care providers"].) Thus veterinarians fall within the provisions of MICRA.

█ Section 425.13, not part of the original MICRA legislation, was enacted later to provide "additional protection" against "unsubstantiated claims for punitive damages . . . included in complaints against health care providers." (*Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 189 [10 Cal.Rptr.2d 208, 832 P.2d 924].) It requires that in an "action for damages arising out of the professional negligence of a health care provider," a claim for punitive damages may not be included in a complaint without an order allowing a party to amend the complaint to seek such damages. (§ 425.13, subd. (a).)

█ Although professional negligence is not defined in section 425.13, other MICRA statutes define it as a "negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death . . . ." (E.g., §§ 340.5, subd. (2), 364, subd. (f)(2), 667.7, subd. (e)(4).) "It is well established that the legislative history of the term, 'professional negligence,' as found in MICRA, may be used to interpret that term as used in section 425.13 . . . ." (*Palmer v. Superior Court* (2002) 103 Cal.App.4th 953, 961 [127 Cal.Rptr.2d 252].) █ In addition, " '[s]tatutory sections relating to the same subject must be read together and harmonized. [Citation.]' [Citation.]" (*Ibid.*; see also *Johnson v. Superior Court* (2002) 101 Cal.App.4th 869, 878, 879 [124 Cal.Rptr.2d 650] [finding purposes underlying Civ. Code, § 3333.2 limiting economic damages similar enough to § 425.13 that "health care provider" has same meaning in both statutes; although § 425.13 "not enacted for same reasons as MICRA, both . . . were adopted to protect health care providers"].)

█ Plaintiffs seek damages for the purchase price of the horse and costs of its care. There is no allegation of a wrongful death. And the alleged economic loss to plaintiffs is not a personal injury. " ' " 'An injury is personal when it impairs the well-being or the mental or physical health of the victim.' " [Citations.]' [Citation.]" (*McKinney v. California Portland Cement Co.* (2002) 96 Cal.App.4th 1214, 1231 [117 Cal.Rptr.2d 849].) Plaintiffs did not suffer personal injuries or wrongful death.

█ The language defining "professional negligence" as limited to personal injury or wrongful death is clear and unambiguous. " 'When interpreting statutes, "we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . ." ' . . . 'giving them their usual and ordinary meaning and construing them in context. [Citation.] If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction. [Citations.] If the statutory language contains no ambiguity, the Legislature is presumed to have meant what

it said, and the plain meaning of the statute governs.' [Citation.]" (*Stephens v. County of Tulare* (2006) 38 Cal.4th 793, 801–802 [43 Cal.Rptr.3d 302, 134 P.3d 288].)

We reject defendant's argument that plaintiffs' economic injuries are "personal" to them and that the action thus falls within the statute. There is no basis to read the plain language of the statute in that fashion. We need not decide his claim that, because personal injury or wrongful death only applies to humans, veterinarians will never fall within the statute. A veterinarian is required to treat animals under the proper standard of care to prevent injury or death and if that duty is breached, a malpractice action may be filed. (*Williamson v. Prida, supra*, 75 Cal.App.4th at pp. 1420, 1425.) We can conceive of situations where an animal's owner could experience personal injury based on a veterinarian's professional negligence. That this might not be the norm or occur with frequency does not lead to the conclusion that the statute defining professional negligence should be interpreted any more broadly than its plain language. We express no opinion whether the statute covers injuries to or the death of animals being treated by veterinarians.

## 2. Statute of Limitations

Defendant demurred to the causes of action against him on the ground they were barred by the statute of limitations. He relied on section 340.5, which requires that an action against a health care provider for professional negligence be filed within three years of the date of injury or within one year after the injury is discovered or should have been discovered, whichever occurs first. The court overruled the demurrer on the ground the section does not apply: The action is not one for professional negligence as defined in the statute because defendant's alleged wrongful acts did not proximately cause personal injury or wrongful death. As a secondary reason the court ruled that even if the section did apply, the complaint was filed within three years of the injury and the complaint alleged it was filed within one year after discovery.

Section 340.5 does not apply to this action for the same reasons section 425.13 does not apply—the complaint does not allege that defendant caused personal injury or wrongful death. The statute of limitations for fraud and misrepresentation is three years (§ 338, subd. (d)), and the complaint was filed within that time period.

## DISPOSITION

The petition is denied. Real parties in interest shall recover their costs.

Sills, P. J., and Ikola, J., concurred.